PER CURIAM.
Roger H. Mann appeals the trial court’s order that granted appellee City of Oakland Park’s motion to dismiss his amended complaint with prejudice. We reverse.
In February of 1990, Mann, an Oakland Park Fire Department lieutenant, actively supported a candidate running for city council in Oakland Park. Mann placed campaign signs on his personal car and parked it on city property. On February 20, 1990, Mann received an interoffice memo addressed to him which advised that the campaign signs violated a section of the Oakland Park Code. The memo further advised Mann to immediately remove the campaign signs or park his car off city property. The code provided that an employee’s failure to comply may result in a reprimand, suspension, dismissal, or other discipline.
On March 8, 1990 Mann filed a two count complaint which requested injunctive relief and declaratory relief. Nearly four months after the election, the trial court dismissed the complaint without prejudice. In July of 1990, Mann filed an amended complaint which only requested declaratory relief. The trial court dismissed the amended complaint with prejudice on the grounds that Mann failed to allege “any facts or circumstances giving rise to a present and justiciable controversy” and that Mann had “not yet exhausted [his] administrative remedies.”
Mann contends the trial court’s reasons for dismissing his amended complaint are invalid. We agree and hold that an actual controversy existed. The memo had been made part of Mann’s personnel record. He was entitled to have that issue resolved in order to “clear” his record.
Further, we rely on Gulf Pines Memorial Park, Inc. v. Oaklawn Memorial Park, Inc., 361 So.2d 695, 698 (Fla.1978), and hold that Mann did not have to exhaust his administrative remedies because he made a general attack on the constitutionality of the code provision.
Accordingly, we reverse the order of dismissal and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
STONE, GARRETT and FARMER, JJ„ concur.